IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| ALFA LAVAL, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09CV733–HEH |
| | ) | |
| TRAVELERS CASUALTY AND | ) | |
| SURETY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**
**(Denying Defendant's Motion to Dismiss)**

This is a declaratory judgment and breach of contract action regarding a number of insurance policies purchased by Plaintiff Alfa Laval, Inc. ("Alfa Laval"). The case is before the Court on a motion to dismiss filed by Defendant Travelers Casualty and Surety Company ("Travelers"), based on the abstention doctrine announced by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976). Both parties have submitted memoranda in support of their respective positions, and the Court heard oral argument on January 28, 2010. For the reasons stated herein, Defendant's motion to dismiss is denied.

**I.**

Plaintiff Alfa Laval filed this lawsuit on November 19, 2009. Alfa Laval is insured by numerous comprehensive general liability policies and excess indemnity umbrella policies sold by Aetna, now known as Travelers. The suit seeks declaratory

judgment and claims breach of contract and bad faith by Defendant Travelers with respect to insurance coverage for numerous product liability suits filed against Alfa Laval. Alfa Laval seeks declaratory judgment that Travelers has a duty to defend and indemnify Alfa Laval in the underlying lawsuits. The breach of contract actions allege that Travelers has breached its duty to cover costs relating to investigation, defense, and indemnification arising from the underlying lawsuits. The bad faith claim alleges that Travelers failed to comply with its obligation to deal in good faith with its policyholder Alfa Laval.

Defendant Travelers filed this motion to dismiss asking the Court to decline jurisdiction over the case under *Colorado River*, 424 U.S. 800, 96 S. Ct. 1236. The basis for Defendant's argument is a lawsuit filed on November 16, 2009 by Travelers in the Supreme Court of the State of New York in the County of New York ("New York lawsuit"). The New York lawsuit seeks declaratory judgment, recoupment, allocation, and contribution against Alfa Laval, DeLaval Inc. (the predecessor of Alfa Laval), ACE Property and Casualty Company, American Surety Company, National Union Fire Insurance Company of Pittsburgh, Pa., Zurich American Insurance Company, Aviva Life and Annuity Company of New York, and other defendants under fictitious names. The New York lawsuit first seeks declaratory judgment of the existence and extent of insurance coverage for several asbestos-related claims brought against Alfa Laval and DeLaval in various states. Second, the New York lawsuit seeks declaration that Travelers is entitled to recoupment of defense costs paid on behalf of Alfa Laval in connection with

the asbestos claims. Third, the New York lawsuit seeks a declaration that Alfa Laval and DeLaval are responsible for deductibles to the extent that Travelers is obligated to defend or indemnify Alfa Laval and/or DeLaval. Lastly, Travelers seeks allocation and contribution of the defense and indemnity costs from and among the various other insurance companies.

## II.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236, 1244 (1976). Abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* In fact, District Courts "are bound by a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005) (quoting *Colorado River*, 424 U.S. at 817, 96 S. Ct. at 1246). *Colorado River* "permits dismissal of a *duplicative* federal action when '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favors abstention." *Id.* at 463 (quoting *Colorado River*, 424 U.S. at 817, 96 S. Ct. at 1246). Exercise of this limited abstention authority is to be used "'only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.'" *Id.* at 463 (quoting *Colorado River*, 424 U.S. at 813, 96 S. Ct. at 1244). This Court must not look for "some substantial

3

reason for the *exercise* of jurisdiction . . ."; rather, this Court's duty is to "ascertain whether there exist 'exceptional' circumstances . . . to justify the *surrender* of that jurisdiction." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26, 103 S. Ct. 927, 942 (1983)).

In determining whether *Colorado River* abstention is appropriate, this Court must first determine whether there are parallel federal and state lawsuits. *Id.* If this threshold requirement is met, the Court must then determine if exceptional circumstances exist to warrant abstention by "carefully balanc[ing] several factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (quoting *Moses H. Cone*, 460 U.S. at 16, 103 S. Ct. at 937). The six factors outlined by the Supreme Court to determine if exceptional circumstances exist are:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*Id.* at 463-64.

### III.

The first issue in determining if application of *Colorado River* abstention is appropriate is whether the federal and state suits are parallel. *Id.* at 463. "'Suits are parallel if substantially the same parties litigate substantially the same issues in different

4

forums.'" *Gannett Co. Inc. v. Clark Constr. Group, Inc.*, 286 F.3d 737, 742 (4th Cir. 2002) (quoting *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991)). All parties in the federal lawsuit are parties in the New York lawsuit. Thus, abstention of the federal action would not deprive any parties of the opportunity to litigate the claims. *Cf. Chase Brexton*, 411 F.3d at 464. The lawsuits seek to litigate the same core issues – the extent of coverage for the underlying asbestos lawsuits under the same Travelers insurance policies. The remedies in the two suits, however, are different. The New York lawsuit seeks a number of judicial declarations while the federal action seeks declaratory judgment as well as damages for breach of contract and bad faith. The federal suit also seeks a jury trial while it does not appear one is warranted in the New York action. Such differences in remedies and availability of a jury are significant and counsel against a finding of parallel actions. *See New Beckley*, 946 F.2d at 1074.

Even if this Court were to conclude that the suits are parallel, consideration of the *Colorado River* factors and the lack of exceptional circumstances compel this Court's exercise of jurisdiction over the case before it.

The first *Colorado River* factor is "whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others." *Chase Brexton*, 411 F.3d at 463. The parties agree that there is no in rem property at issue in either case. Consideration of this factor thus provides no support for abstention. *See id.* at 465.

The second *Colorado River* factor is "whether the federal forum is an inconvenient one." *Id.* at 463. Travelers argues that New York is the "more convenient forum" because sources of proof would be more accessible in New York. The question is not, however, which forum is *more* convenient; it is whether the federal forum would be *inconvenient*. *Id.* Travelers does not make any compelling arguments to support that the federal forum is inconvenient. Consideration of this factor thus provides no support in favor of abstention.

The third factor for this Court to consider is "the desirability of avoiding piecemeal litigation." *Id.* at 463. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Gannett Co.*, 286 F.3d at 744. The risk of inconsistent results alone is insufficient to justify abstention, though, as this risk is present whenever parallel litigation occurs. *Id.* To warrant abstention, exercise of jurisdiction "must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly illsuited for resolution in duplicate forums." *Id.* Travelers argues that the threat of piecemeal litigation is particularly acute in the immediate case because of the additional defendants in the New York action. As the Fourth Circuit noted in *Sto Corp. v. Lancaster Homes, Inc.*, 11 F. App'x 182 (4th Cir. 2001), the presence of additional parties and the risk that "an issue may be left for resolution in state court" can weigh in favor of abstention. *Id.* at 188 (citing *American Bankers Ins. Co. of Florida v. First State*

6

*Ins. Co.*, 891 F.2d 882, 885 (11th Cir. 1990)). In the immediate case, the New York action includes as defendants ACE Property and Casualty Company, American Surety Company, National Union Fire Insurance Company of Pittsburgh, Pa., Zurich American Insurance Company, Aviva Life and Annuity Company of New York, and other defendants under fictitious names. The suit seeks allocation of past and future defense and indemnity costs among these other insurers. Though the action before this Court will not include litigation of these parties' liability, a ruling by this Court would not interfere with the New York court's ability to resolve these issues separately. The absence of these parties in the federal action does not rise to the level of "inefficiencies and inconsistent results beyond those inherent in parallel litigation." *Gannett Co.*, 286 F.3d at 744. Thus, "if this factor weighs in favor of dismissal it does so only slightly." *American Bankers Ins.*, 891 F.2d at 885.

The fourth *Colorado River* factor is "the relevant order in which the courts obtained jurisdiction and the progress achieved in each action." *Chase Brexton*, 411 F.3d at 464. In the immediate case, the New York action was filed on November 16, 2009, and the federal action was filed three days later on November 19, 2009. "The Supreme Court has emphasized that the order of filing should be viewed pragmatically, meaning that priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Gannett Co.*, 286 F.3d at 747-48 (internal quotations omitted). Travelers argues that the New York

court has obtained jurisdiction over the necessary parties. Meanwhile, Travelers has filed an answer and a counterclaim in the federal action, and the Court has referred the matter to a United States Magistrate Judge for a settlement conference, set a date for hearing argument on motions for summary judgment, and scheduled a jury trial. The Court finds that the New York action has not progressed beyond that of the federal action to the extent that abstention is favored.

The fifth factor for this Court to consider is "whether state law or federal law provides the rule of decision on the merits." *Chase Brexton*, 411 F.3d at 464. The Supreme Court has counseled that "the presence of state law and the adequacy of state proceedings can be used only in 'rare circumstances' to justify *Colorado River* abstention." *Gannett Co.*, 286 F.3d at 746 (quoting *Moses H. Cone*, 460 U.S. at 26, 103 S. Ct. at 942). An example of such rare circumstances are cases "where retention of jurisdiction would create needless friction with important state policies . . . ." *Id.* (internal quotations omitted). It appears that New York law will apply to the immediate case. Travelers points to no unique or rare circumstances that would set this case apart from the typical diversity case where a federal court is called on to apply the state law of a different jurisdiction. "[F]ederal courts regularly grapple with questions of state law, and abstention on the basis of the presence of state law, without more, would undermine diversity jurisdiction." *Id.* at 747. Accordingly, this factor carries minimal weight in the abstention equation.

The final *Colorado River* factor is "the adequacy of the state proceeding to protect the parties' rights." *Chase Brexton*, 411 F.3d at 464. This factor supports retention of federal jurisdiction when "an important federal right is implicated and state proceedings may be inadequate to protect the federal right . . . ." *Gannett Co.*, 286 F.3d at 746. The Court agrees with Travelers that the New York court is empowered to adequately deal with the issues before it. Adequacy of the state court, however, is insufficient to tip the scale in favor of abstention. *See Ryan v. Johnson*, 115 F.3d 193, 200 (3d Cir. 1997) ("this factor is normally relevant only when the state forum is *in*adequate. . . . When the state court is adequate, however, the factor carries little weight."); *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986) ("This factor, like choice of law, is more important when it weighs in favor of federal jurisdiction. It is thus of little weight here."). Thus, this factor provides little, if any, support for abstention.

In analyzing the foregoing factors, the Court is mindful that determination of whether to dismiss the federal action "'does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Gannett Co.*, 286 F.3d at 744 (quoting *Moses H. Cone*, 460 U.S. at 16, 103 S. Ct. at 937). Only two of the six *Colorado River* factors arguably provide support for Defendant's motion to dismiss–the threat of piecemeal litigation and adequacy of the state court to protect the parties' rights. As seen above, though, if these two factors provide any support for abstention, it is marginal and

9

uncompelling.

After balancing these important factors, the Court concludes that the circumstances surrounding the parallel cases present here do not present exceptional circumstances and are insufficient to overcome the "strong presumption in favor of its retaining federal jurisdiction." *Chase Brexton*, 411 F.3d at 465. Defendant's motion to dismiss is denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Feb. 5, 2010
Richmond, VA