IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| ALFA LAVAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:09CV733–HEH |
| | ) |
| TRAVELERS CASUALTY AND | ) |
| SURETY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(Staying Action Pending Resolution of Parallel New York Case)

This is a declaratory judgment and breach of contract action raising coverage and indemnification issues. The case involves a number of insurance policies purchased by Plaintiff, Alfa Laval, Inc. ("Alfa Laval"). The case is presently before the Court on cross motions for summary judgment. Following the submission of memoranda in support of their respective positions by both parties, the Court heard oral argument on May 17, 2010. At the inception of that proceeding, the Court also invited comments on whether the Court's decision in this case should be stayed pending resolution of a parallel action filed earlier in the State of New York. At the request of counsel, this Court afforded both sides an opportunity to submit supplemental memoranda as to whether the unusual circumstances of this case warranted a stay of proceedings. In their responses, Travelers Casualty and Surety Company ("Travelers") supports a stay; Alfa Laval opposes it.

This lawsuit was filed by Alfa Laval on November 19, 2009. The suit seeks

declaratory judgment, along with closely related claims of breach of contract and bad faith by Travelers with respect to insurance coverage for numerous product liability suits, filed against Alfa Laval. Alfa Laval is insured by an array of comprehensive general liability policies and excess indemnity umbrella policies sold by Aetna, now known as Travelers. Alfa Laval also claims concurrent coverage under policies issued by other insurance carriers.

In the case at hand, which embraces only a select portion of the overall litigation, Alfa Laval seeks declaratory judgment that Travelers has a duty to defend and indemnify Alfa Laval in approximately 1,200 lawsuits relating to asbestos injury. The breach of contract claims allege that Travelers has breached its duty to cover costs relating to investigation, defense, and indemnification arising out of the underlying lawsuits. The bad faith component maintains that Travelers failed to comply with its common law obligation to deal in good faith with its policy holder, Alfa Laval. Travelers' obligation to defend and indemnify is not in dispute. At issue is the extent or apportionment of that obligation vis-á-vis the other six insurance carriers with arguably concurrent coverage.

Before turning to the pending motions, some history of this litigation is instructive. On December 14, 2009, Defendant Travelers filed a motion urging this Court to decline jurisdiction based on the abstention doctrine announced by the United States Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976). The genesis of the Defendant's argument was the existence of a parallel

lawsuit pending in the State of New York. On November 16, 2009, three days prior to the filing of the immediate action, Travelers filed a lawsuit in the Supreme Court of the State of New York in the County of New York ("New York lawsuit"). The New York lawsuit seeks declaratory judgment, recoupment, allocation, and contribution against Alfa Laval, DeLaval, Inc. (the predecessor of Alfa Laval), Ace Property and Casualty Company, American Surety Company, National Union Fire Insurance Company of Pittsburgh, PA, Zurich American Insurance Company, Aviva Life and Annuity Company of New York, and other defendants under fictitious names.

Similar to the case at bar, the New York lawsuit first seeks declaratory judgment with respect to the existence and scope of insurance coverage for the asbestos-related claims brought against Alfa Laval and DeLaval in various states. Second, the New York lawsuit seeks declaration that Travelers is entitled to recoupment of defense costs paid on behalf of Alfa Laval in connection with the asbestos claims. Third, the New York lawsuit seeks a judicial order that Alfa Laval and DeLaval are responsible for deductibles to the extent that Travelers is obligated to defend or indemnify Alfa Laval and/or DeLaval. Lastly, Travelers asks the New York court to determine the extent of allocation and contribution of the defense and indemnity costs from and among the various other insurance companies. Unlike the case before this Court, all insurance carriers with potential contractual obligations are before the New York court.

After weighing the six factors outlined by the Supreme Court in *Colorado River* to

determine whether or not abstention is appropriate, this Court concluded that the circumstances surrounding the parallel case did not present exceptional circumstances sufficient to overcome the "strong presumption of its retaining federal jurisdiction." *See* Mem. Op. issued Feb. 5, 2010 (quoting *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 465 (4th Cir. 2005)). Although concluding that the balance of factors tipped against abstention, two factors gave the court pause: the threat of piecemeal litigation and the comparative ability of the state court to protect the parties' rights. Also weighing heavily against abstention was the presence of breach of contract claims not present in the New York lawsuit. A review of the memoranda in support of, and in opposition to the parties' motions for summary judgment, and the New York case law cited therein, supports the absence of circumstances justifying abstention; however, a number of issues remain troubling.

An integral part of Alfa Laval's request for declaratory relief requires this Court to determine what portion of the costs of defending the legion asbestos-related lawsuits should be borne by Travelers—as opposed to the other carriers named in the New York lawsuit. Although Alfa Laval contends that the Court in the immediate case is only determining the extent of Travelers' responsibility to defend, the result necessarily affects the other carriers. The Supreme Court for the State of New York, in an action requesting substantially the same relief, has all affected carriers before it as parties. This reasoning applies equally to Alfa Laval's request for declaratory judgment on the issue of

indemnity.

Both parties acknowledge that under the terms of the insurance contracts, construction and application of their contents is governed by New York law. A survey of New York insurance contract jurisprudence yields a diversity of approaches to apportionment of liability among multiple carriers in cases involving progressive, toxic torts, such as asbestos-related injury.

In their memorandum opposing a stay, Alfa Laval appears to concede some disharmony among New York courts on the issue of apportionment of indemnity among carriers with concurrent coverage, application of deductibles, and triggering of actionable injury. It argues, however, that New York law is clear on allocation of defense costs. Relying on *Continental Casualty Co. v. Rapid-American Corp.*, 609 N.E.2d 506, 514, 80 N.Y.2d 640, 655-56 (1993), Alfa Laval contends that under prevailing New York law, Travelers must pay the complete costs of its defense and independently seek reimbursement from carriers with concurrent coverage obligation.

This Court does not read *Continental Casualty Co.* that narrowly. The court in that case concluded that "pro rata sharing of defense costs may be ordered, but there is no error or unfairness in declining to order such sharing, with the understanding that the insurer may later obtain contribution from other application policies." *Id.*; *see also Consol. Edison Co. of New York v. Allstate Ins. Co.*, 774 N.E.2d 687, 694-95, 98 N.Y.2d 208, 223-24 (2002).

Appellate courts in New York have approved of both theories of defense costs allocation in progressive toxic tort cases. The liquid state of this issue obviously enhances the possibility of inconsistent holdings in the present parallel actions.

With respect to allocation of indemnification among multiple policies and carriers, a similar split among New York courts is evident. While most courts have adopted a "time on the risk" approach, others have approved of joint and several liability.[1] Courts in New York also differ as to what constitutes sufficient prove of injury within the period of coverage—some require mere exposure, others some manifestation of diagnosable injury.[2] Also apparently unsettled under New York law is the application of deductible provisions in cases involving multiple progressive injuries in situations with more than one potentially applicable insurance contract. Lastly, no New York court appears to have determined the duty of an insurance carrier to defend claims against an insured in their capacity as a successor in interest. In a number of the underlying lawsuits, Alfa Laval is sued as a successor in interest to companies with which they have merged.

In *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137 (1995), the United States Supreme Court restated the time-honored principle that in declaratory judgment actions, the district court enjoys discretion in deciding whether to assert jurisdiction over

---

[1] *Compare Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.*, 73 F.3d 1178, 1202-04 (2d Cir. 1995), with *In re: Prudential Lines Inc.*, 158 F.3d 65, 83-87 (2d Cir. 1998).

[2] *See Stonewall Ins. Co.*, 73 F.3d at 1195-97; *Am. Home Prods. Co. v. Liberty Mut. Ins. Co.*, 748 F.2d 760, 765-66 (2d Cir. 1984); *Continental Cas. Co. v. Employers Ins. Co. of Wausau*, 871 N.Y.S.2d 48, 63 (N.Y. App. Div. 2008).

the action or abstain from hearing it. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."[3] *Id.* at 288, 115 S. Ct. at 2143.

Such discretion "is especially crucial when, as here, a parallel or related proceeding is pending in state court." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 297 (4th Cir. 2005). In parallel jurisdiction cases, district courts have "wide discretion" to decline jurisdiction. *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996). This discretion applies equally to the decision to stay an action seeking declaratory judgment. *Wilton*, 515 U.S. at 288.

In *United Capitol Insurance Co. v. Kapiloff*, 155 F.3d 488 (4th Cir. 1988), the Fourth Circuit articulated four factors to be considered by a district court in deciding whether to stay its hand pending resolution of a parallel state court action. These considerations include:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently then the federal courts; (3) whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal courts; and (4) whether the federal action is mere procedural fencing, in the sense that the action is merely the product of forum-shopping.

---

[3]As earlier mentioned, this coverage litigation involves approximately 1,200 asbestos-related lawsuits. In assessing scope of coverage, a significant number may need to be examined by the reviewing court.

*Id.* at 493-94 (internal quotations marks omitted).

In examining the first factor, the Court finds considerable guidance in the teachings of *Mitcheson v. Harris*, 955 F.2d 235 (4th Cir. 1992). "There exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state when state law controls the resolution of the case." *Id.* at 237. The core issue in this case, apportionment of coverage and indemnification liability, turn on unsettled questions of New York State law. Therefore, the State of New York has a strong, perhaps compelling, interest in having the issue decided in its courts. Moreover, unlike this Court, the Supreme Court of New York has all insurance carriers in interest before it as parties. Therefore, that court could resolve the issues more efficiently than this federal court sitting in Virginia.

The issues in the New York lawsuit closely parallel those in the immediate case. The potential exits for conflicting decisions with respect to not only scope of coverage and indemnity liability under the Travelers' policy, but also the percentage of allocated obligation on the part of the other insurance carriers, individually and collectively. The possibility of "overlapping issues of fact or law" creating unnecessary "entanglement" between state and federal courts is inescapable.

Lastly, this Court must determine whether the federal action is mere "procedural fencing" in the sense that the action is merely the product of forum shopping. Although this *Kapiloff* factor is probably of lesser significance, it is important to note that the

lawsuit in this Court was filed three days after the action filed in the Supreme Court of New York. Obviously, Alfa Laval made a strategic decision to seek what it perceived to be a more favorable playing field.

It is also important to note in actions seeking declaratory judgment on coverage issues that "considerations of federalism, efficiency, and comity should also figure into the discretionary balance . . . ." *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994).

This Court is not unmindful that the presence of non-declaratory claims adds an additional dimension to the traditional stay analysis. The United States Court of Appeals for the Fourth Circuit has counseled caution in so-called mixed complaint situations, such as that presently before the Court. The Fourth Circuit has suggested, but not definitively decided, that a higher standard is appropriate where a complaint contains non-declaratory claims. *See Great American Ins. Co. v. Gross*, 468 F.3d 199, 210-12 (4th Cir. 2006); *Chase Brexton Health Servs.*, 411 F.3d at 466-67.

The presence of non-declaratory claims in this case does not change the Court's conclusion that a stay is appropriate. Although the contract claims seek monetary damages, the question of liability is driven by the relief fashioned on the declaratory claims. An issue critical to the declaratory judgment counts is the Court's determination of the appropriate percentage of defense and indemnity coverage to which Alfa Laval is entitled under the Travelers' insurance contracts. The application of this equation will

play a crucial role in the trier of facts' resolution of the damages component of the contract claims. Therefore, the declaratory judgment counts, which represent the core claims in the lawsuit, must be resolved before the contract actions are tried.[4]

The strategic inclusion of interrelated requests for non-declaratory relief is insufficient to overcome the compelling justification for this Court to stay its hand pending resolution of the earlier filed case in New York state court. *See Riley v. Dozier Internet Law*, 2010 WL 1141079, at *5 n.2 (4th Cir. Mar. 24, 2010).

This court will therefore stay all proceedings in this case pending resolution of the parallel action pending in the Supreme Court of New York.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 3, 2010
Richmond, VA

---

[4] In its memorandum supporting a stay of proceedings in this district, Travelers urges the Court to defer the contract claims pending resolution of the declaratory judgment issues by the New York court. Travelers' logic is sound.